THE·PORT ROYAL AND AUGUSTA RAILWAY COMPANY *et al.*
*vs.* BRANCH *et al.*

There is equity in this bill, and the demurrer thereto was properly
overruled.

(a) The three companies were properly joined as parties defendant
to such a bill.

November 23, 1886.

Railroads. Bonds. Contracts. Parties. Equity. Be-
fore Judge RONEY. Richmond Superior Court. April
Term, 1886.

Reported in the decision.

J. B. CUMMING; A. R. LAWTON; J. GANAHL, for plain-
tiffs in error.

FOSTER & LAMAR; FRANK H. MILLER; WM. K. MILLER,
for defendants.

JACKSON, Chief Justice.

The bill is brought by Thomas P. Branch and others
against the Port Royal and Augusta Railroad Company,
the Augusta and Knoxville Railroad Company, and the
Central Railroad and Banking Company of Georgia, alleg-
ing the indebtedness of the first named company to them
on certain bonds, issued in consideration of the two million
and a half bonds owed by the Port Royal Railroad Com-
pany, the predecessor of the Port Royal and Augusta Rail-
road Company, and to meet which bonds the said road and
all connected with it or appurtenant to it were sold and
bought by the Union Trust Company of New York, and
reconveyed to the successor of the said Port Royal Com-
pany, to·wit, the defendant first named, in consideration
of which the said successor company executed a mortgage
of all its rights, franchises and property to said Union Trust

v 78-8

Company, in trust for the security of the bondholders of bonds then issued by the said new company; that this issue of bonds consisted of two series, the one amounting in all to two hundred and fifty thousand and the other to one million five hundred thousand dollars, the latter to be inferior to the former and to have its coupons paid out of net earnings of the road after expenses and repairs and the interest on coupons of the first series were paid; that this latter class, thus to have coupons paid out of net earnings alone, is that to which the complainants' bonds belong; that the Central Railroad and Banking Company have a majority of these bonds, and thereby, the holders of bonds being entitled to vote, absolutely controls the Port Royal and Augusta Railroad Company, and has obtained, in effect, from the Port Royal and Augusta one hundred and fifty thousand dollars of bonds of $500.00, the interest of which at 6 per cent. per annum is paid it, as well as a sinking fund of $6,000.00 per annum, while not a cent is paid on complainants' interest or coupons, or has been since those were issued for the Central; that the Central was cognizant of this issue of $1,500,000 worth of bonds, and made this arrangement with the Port Royal and Augusta with full knowledge of the priority of complainants' bonds, and had thus with the Port Royal and Augusta absorbed a large portion of the only fund complainants could reach to pay any sum at all on their coupons, and having absolute control over the Port Royal and Augusta, would continue so to absorb this fund as absolutely to make the said coupons worthless and the bonds of little or no value.

The bill alleges, in substance, again that the Port Royal and Augusta has been constrained by the Central to lease the Augusta and Knoxville Railroad, to assume its indebtedness, and thus to become weaker and weaker and less able to pay its obligations on complainants' coupons and bonds; that this is all to the interests of its own road, and not of the Port Royal and Augusta; that they are rival roads to the sea, and the Central not only extends its own

business by having the Port Royal and Augusta to lease the Augusta and Knoxville, but to do so the more effectually, it manages so as to destroy certain improvements, wharves, etc. at Port Royal, and to lessen the through freights to Port Royal in order to increase its own to Savannah; that the ownership of these bonds is *ultra vires* on the part of the Central, and its control of the Port Royal thereby illegal and in the teeth of the objects for which the Port Royal and Augusta was chartered, and so is the lease of the Augusta and Knoxville.

The bill prays for account of the moneys paid to the Central's bonds, or their coupons and sinking fund to be restored, for injunction against future like conduct, and for rescission of the lease and general account.

On demurrer for want of equity and other special gounds, some generally by all defendants and others severally by each, the court held that there was equity in the bill and overruled the demurrer. Error is assigned on that judgment and specific points connected therewith.

There is abundant equity in the bill. The three corporations are so linked together by the *nexus* of injurious conduct towards the complainants as to induce equity to hold them together as necessary parties. The equity to have account for the net earnings, and especially that portion for the coupons and sinking fund paid on account of the Central's issue, and that expended outside of necessary repairs for the Port Royal road to keep it in high condition, and that used to pay debts of the Augusta and Knoxville, seems apparent, unless the issue of the $1,500,000 bonds are to be repudiated and the coupons go unpaid. We prefer, however, that the case be fully tried on the answer as well as bill before we adjudicate all the questions, and waive further discussion.

Judgment affirmed.